# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY DEJUAN JACKSON, | Case No. 25-mc-0062 (LMP) |
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST TO OPEN NEW CIVIL MATTER** |
| TIM WALZ, PAUL SCHNELL, WILLIAM BOLIN, BOLA OLARINDE, and JENNY CAREFUL, | |
| Defendants. | |

This matter is before the Court on a request for authorization to file a new civil action by Plaintiff Tony Dejuan Jackson ("Jackson"). *See* ECF No. 2. Jackson's request is denied.

Jackson is an inmate at the Stillwater Close Custody Level Four Correctional Facility in Bayport, Minnesota. *Id.* ¶ 6. He was previously restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer of this District due to numerous instances in which Jackson filed civil complaints that were dismissed for failure to state a valid claim for relief or for violations of the Federal Rules of Civil Procedure. *See generally Jackson v. Schnell* ("*Jackson I*"), No. 23-cv-366 (PJS/DTS), 2023 WL 3628722, at *1 (D. Minn. May 24, 2023) (Schiltz, C.J.).[1]  In an attempt to evade the filing restriction imposed in *Jackson I*,

---

[1] *See also, e.g.*, *Jackson v. Dayton*, No. 17-cv-880 (WMW/TNL), 2018 WL 3696600 at *2–3 (D. Minn. Aug. 3, 2018) (Wright, J.); *Jackson v. Walz*, No. 19-cv-2612 (JNE/LIB),

Jackson began filing complaints in the United States District Court for the Northern District of Iowa. *See Jackson v. Schnell* ("*Jackson II*"), No. 25-cv-2918 (PAM/LIB), ECF No. 5 at 1 (D. Minn. July 23, 2025) (Magnuson, J.). *Jackson II* was transferred to this District and subsequently dismissed for the same reasons as in *Jackson I*, and the filing restriction was expanded "to make clear that, going forward, any lawsuit filed by Jackson in another venue and subsequently transferred to this District will be subject to the same filing restrictions that were imposed previously." *Id.* at 2.

Such is the case here. Just a month later, on August 22, 2025, Jackson filed the complaint in this matter in the United States District Court for the Northern District of Iowa, ECF No. 2, and this matter was then transferred to this Court, ECF No. 4. Therefore, in accordance with the order in *Jackson II*, Jackson's complaint here is subject to the filing restriction imposed by *Jackson I*.

Upon review, the Court concludes that Jackson's proposed civil action is frivolous because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, the Court denies Jackson's request for authorization to open a new civil action and orders that this matter be closed. Given this conclusion, Jackson's motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 1, is denied as moot. The Court also certifies that any appeal taken from this denial would not be in good faith, and

---

2020 WL 1442641, at *1 (D. Minn. Mar. 24, 2020) (Ericksen, J.); *Jackson v. FindJodi.com Inc.*, No. 20-cv-353 (SRN/ECW), 2020 WL 4915834, at *2–3 (D. Minn. Aug. 21, 2020) (Nelson, J.); *Jackson v. Schnell*, No. 22-cv-965 (WMW/JFD), 2022 WL 17091170, at *1–3 (D. Minn. Nov. 21, 2022) (Wright, J.).

thus any request to proceed IFP on appeal will be denied on that basis. *See* Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3). And in any event, the Court notes that Jackson is ineligible to proceed IFP because he has accrued at least three "strikes" pursuant to 28 U.S.C. § 1915(g).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Jackson's request for authorization to open a new civil matter in this District (ECF No. 2) is **DENIED**; and

2. Jackson's Motion for Leave to Proceed IFP (ECF No. 1) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2025            *s/Laura M. Provinzino*
                                     Laura M. Provinzino
                                     United States District Judge